## WELLS *v.* JACKSON IRON MANUFACTURING COMPANY.

Upon demurrer to a plea the issue must be decided upon the pleadings, without other evidence *aliunde*, unless by consent of parties; and when the plea is sufficient upon its face, the demurrer will be overruled.

But where a plea is sufficient upon its face, a motion may be made to reject it, upon the ground that certain facts exist, which, when taken in connection with the plea, will render it impossible to frame a replication raising the issue intended to be tried, upon the plea as filed; and, upon proof of such facts, and a proper case made, the court will reject the plea and allow the defendant to plead anew.

THIS was a plea of land, wherein the said Wells demanded against the said corporation a piece or parcel of land, with the appurtenances, situated in said county of Coös, and being part of a tract known as Thompson & Meserve's Purchase, in said county, but not within the limits of any town, and bounded as follows: Beginning at the northwest corner of Pinkham's Grant, so called, in said county; thence N. 8° W., to the southerly line of Low & Burbank's Grant, so called; thence southwesterly on the line of said Low & Burbank's Grant, to the northeast corner of the tract known as Jeremiah Chandler's Purchase; thence S. 1½° W., on the easterly line of said Chandler's Purchase, 800 rods; thence S. 88½° E., to the west line of said Pinkham's Grant; thence northerly on the westerly line of said Pinkham's Grant, to the place of beginning; whereof the said corporation, unjustly and without judgment, disseized him, the said Wells, within twenty years now last past; also, one other piece or parcel of land, with the appurtenances, situated in said county of Coös, and being all that tract of land called and known as Thompson & Meserve's Purchase, containing 12,000 acres, being in said county, but not within the limits of any town; of which tract of land last described as aforesaid the said corporation, unjustly and without judgment, disseized him, the said Wells, within twenty years now last past; whereupon the said Wells says that he was seized of the demanded premises, with the appurtenances, in his demesne as of fee and right, within twenty years now last past, by taking the profits thereof to the value of $1,500 by the year;

and the said corporation disseized him thereof, and still unjustly withholds the same, to the damage of said plaintiff, as he says, the sum of $3,000.

The defendants pleaded as follows :

And now the said corporation, the said Jackson Iron Manufacturing Company, comes and defends its rights, when, &c., and as to parcel of the demanded premises, to wit, all that piece of land called Sargent's Purchase, containing 25,000 acres, with the appurtenances, situated in said county of Coös, and not within the limits of any town, which James Willey, Land Commissioner of the State of New-Hampshire, on the thirty-first day of May, in the year eighteen hundred and thirty-two, by deed recorded in the office of the Secretary of the State of New-Hampshire, on the fifth day of June, in said year, in volume seven, page five, of said records of grants by said State, conveyed to Jackson, Sargent and others, bounded and described as follows : Beginning on the northeast corner of a lot of land given to Widow Dorcas Eastman, of Bartlett, by the Legislature of New-Hampshire; thence running due west, three and one quarter miles; thence due north, so far as that a due east course, extending to the west line of the town of Jackson, or Pinkham's Grant, shall contain 25,000 acres; thence southerly on said westerly line of Jackson to the southwesterly corner thereof; thence south so far as that a due west course shall strike the first mentioned bound, excepting 150 acres sold by the said Land Commissioner to Otis Eastman, and conveyed to him on the first day of June in said year, recorded in said records; the said corporation says that it did not disseize said Wells of the said parcel of the said demanded premises, as the said Wells has above in his writ and counts supposed; and of this the said corporation puts itself on the country. And as to all the residue of the said demanded premises, the said corporation says that it can not render the said residue to the said Wells, because the said corporation says that it is not, and was not on the day of the purchase of the original writ in this action, nor at any time afterward, tenant as of freehold of the said residue; and this the said corporation is ready to verify. Wherefore, as to the said residue of the said demanded premises, the said corporation prays judgment of the writ aforesaid, and that the same may be quashed, and for its costs.

The plaintiff demurred, and said that the said plea is not sufficient in law to bar him from maintaining his said action, and that he is not bound by law to answer the same. There was joinder in demurrer; and the questions arising upon the pleadings were reserved; and then the plaintiff moved for leave to furnish evidence that the land described in the defendants' plea had no bounds or lines fixed and marked upon the ground.

*Woods & Bingham,* and *Benton & Ray,* for the plaintiff, cited *Orange* v. *Berry,* 24 N. H. 105 ; *Palmer* v. *Tuttle,* 39 N. H. 485.

*A. B. Merrill, Burns & Fletcher,* and *Heywood,* for the defendants, cited *Elliot* v. *Heath,* 6 N. H. 426 ; *Flagg* v. *Bean,* 25 N. H. 59 ; *Colby* v. *Collins,* 41 N. H. 301–305.

SARGENT, J.   The plaintiff claims that the bounds of Sargent's Purchase, so called, are not fixed and defined; that there are no monuments at the corners of the same, located and determined, nor any of the lines around it known and marked upon the ground. This fact, however, is denied by the defendants; and the plaintiff moves for leave to furnish evidence to the court to show that the facts are as he claims them to be; and evidence upon this subject was offered.   And it is claimed, upon the authority of *Orange* v. *Berry*, 24 N. H. 105, that this evidence may be received, and that if the fact is made out as the plaintiff claims, the court should sustain the demurrer.   It is also claimed that the plea is insufficient, and that no replication can be framed to it so as to raise any issue, or to have a verdict decide any thing in the case.   We do not so understand the case.

When an issue is joined upon a plea, as in this case, it must be settled on the plea as it stands.   If the plea is good upon its face, a demurrer will not be sustained; and after joinder in demurrer on a plea it is too late to ask to change the force or effect of the plea by extrinsic evidence.   If the plea is changed or amended it gives the right to amend the replication; but no facts or proofs are competent here upon the issue raised by this demurrer.   The only question here is, Is the plea as it stood when demurred to, sufficient upon its face, or is it necessarily bad and insufficient? and that can only be determined upon the plea itself.   Where a plea appears sufficient on its face, so that a demurrer would not lie, yet there may be such facts connected with the plea, or with the issue to be tried upon it, as would render it proper, on a motion to reject the plea, to allow evidence to be taken and furnished to the court, and might warrant the court in rejecting the plea when a demurrer could not be sustained.

*Orange* v. *Berry* seems at first look to be an anomalous case, where the question raised by the motion to dismiss was settled, not upon the plea as pleaded, but upon the facts proved *aliunde;* and there it is held that a demurrer was the proper way to take advantage, not of the plea, but of the facts admitted outside the plea.   But we do not so understand that case.   As we understand it, it is not in conflict with the rule we have laid down.   In that case there was a plea like the one in this case, and a motion to reject the plea.   The plea there goes upon the assumption that a certain line therein described divides the close described in the plaintiff's declaration into two parts, and describes the line by reference, in such a way as that it appeared sufficiently certain.   Now the plaintiff did right in that case, as the plea stood, to move to reject it, instead of demurring to it, because there was nothing in the plea itself that was not well enough.   But upon his motion to reject the plea for some defect not apparent on its face, but which was to be supplied by proof, certain facts appeared, and were admitted by the defendant; and the facts being thus agreed on by the parties showed clearly that the plea should be rejected.

It was made to appear, or admitted, that the line which was assumed in the defendants' plea to divide the premises claimed in the

plaintiff's declaration, did not do so, but was the admitted line between the plaintiff and the defendant; and the only question in fact was, where that line was located. Upon this showing, merely, the motion to reject should have been allowed. But we understand by the opinion in that case (and that is the only construction we can give it and agree to the results there stated), that the admissions which were made were agreed to be considered as added to the plea as first pleaded; in other words, that the plea should be so amended as to include these admitted facts; and the case passed upon as though they had all been stated in the plea itself. When the plea was thus amended, then the motion to reject became improper, because the plea then showed upon its face a good ground of demurrer.

*Orange* v. *Berry*, as we understand it, merely settles that, although, as the plea at first stood, the motion to reject might have been the proper motion to make, accompanied with leave to furnish evidence of the facts in the case not appearing in the plea, yet the defendant having admitted certain facts, it was agreed that the plea should be considered as amended so as to contain such facts, and the case decided accordingly. Whereupon it was properly held that as the plea then stood, as amended, there was a good ground of demurrer disclosed on its face; and, in accordance with the rule in such cases, such defect must be taken advantage of by demurrer, and not by motion to reject. The whole opinion in that case is based upon the assumption that the facts admitted by the defendant are incorporated into the plea and into the case, and, being there, it becomes apparent that the plea is insufficient.

In the case before us the declaration seems to be well enough, and the plea also appears sufficient. From the description given there of Sargent's Purchase, it would seem that the bounds and lines are well fixed, being monuments referred to in other grants and charters, which would be likely ordinarily to be fixed and known as well as any thing. Our presumption, therefore, would be that here were two grants, one under which the plaintiff claims, and another under which the defendants claim; that they were both located and marked by fixed and visible boundaries, but that, by some accident or mistake, one of the grants overlapped a space upon the other; and that the question to be settled here was, who should hold this portion of land thus covered by both grants; in other words, which grant was valid. If this was the object of the parties, as would seem most probable from the proceedings, there would be no difficulty in framing a replication so as to raise that issue in such a way as that a verdict should settle the whole case. There is nothing on the face of the plea that necessarily makes it bad, and there are no admissions here made and no amendments to be made to the pleas as they stand, in order to settle the question here raised. The motion to submit evidence must be denied, as the issue now stands on the demurrer to the plea as pleaded, and that issue can not be changed by proof *aliunde*, without the consent of parties. On this issue the motion for leave to submit evidence is

denied, and the plea, being good on its face, the demurrer is over-ruled.

If the plaintiff desires, he can have leave at the trial term to move to reject the plea; and upon that motion he may have leave to furnish evidence; and if he makes out a proper case the plea may be rejected, and the defendant have leave to plead anew.